IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-02577-SKC-TPO

PAUL JOSEPH,

    Plaintiff,

v.

ROCKY VISTA UNIVERSITY,

    Defendant.

## ORDER MODIFYING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. 52)

Now before the Court is the Recommendation of Magistrate Judge Timothy P. O'Hara. The Recommendation suggests the undersigned grant Defendant Rocky Vista University's Motion to Dismiss (MTD) addressing Plaintiff Paul Joseph's Amended Complaint (Dkt. 36) and dismiss this case without prejudice. Dkt. 52, p.22. Plaintiff filed a timely objection. Dkt. 37. As explained below, the Court MODIFIES and ADOPTS the Recommendation and provides Plaintiff an opportunity to amend his complaint within 30 days.

### A. STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b)(3), this Court reviews *de novo* any part of a magistrate judge's recommendation that is properly objected to. An objection is

1

proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a [magistrate judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## BACKGROUND

As set forth more fully in the Recommendation, this is an action by Plaintiff, proceeding *pro se*,[1] alleging claims of race and age discrimination, hostile work environment, and retaliation, against his former employer. Plaintiff is an African American male over the age of forty. Dkt. 52, p.1. Defendant employed him as a Director of Admissions and Plaintiff sought a raise to the vacant Vice President of Enrollment position. *Id.* at pp.1-2. But Plaintiff was not considered. *Id.* Rather, according to him, he began to suffer discrimination and retaliation. *Id.* at pp.2-4.

---

[1] A *pro se* plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

The details of his discrimination and retaliation claims, however, are not relevant here because Plaintiff made only a limited objection to the Recommendation. Dkt. 53, pp.1-4. The only specific objection he raised is that the Recommendation suggests this Court dismiss his Amended Complaint without prejudice, which Plaintiff argues is *de facto* a dismissal with prejudice because the statute of limitations would have run. *Id.* at pp.2-3. The Recommendation noted, "Futility is not so obvious at this stage, and Plaintiff may be able to allege sufficient facts to support his claims upon amendment." Dkt. 52, p.21. The Objection requests three forms of relief: "1. Reject the Magistrate Judge's Recommendation to grant Defendant's Motion to Dismiss; 2. Alternatively, grant Plaintiff leave to amend the complaint to address any identified deficiencies; and 3. Allow the case to proceed to discovery so Plaintiff can present testimony, documentation, and other supporting evidence." Dkt. 53, p.4.

## FINDINGS AND ORDERS

Concerning those portions of the Recommendation to which Plaintiff made no specific objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas, v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Plaintiff made no specific objection to Judge O'Hara's analysis of

3

Plaintiff's four claims. This Court finds that analysis detailed and thorough and it contains no clear error on the face of the record. It also correctly applies the law, in particular, the *McDonnell Douglas* burden-shifting framework.

Plaintiff's sole specific objection is to Judge O'Hara's recommendation to dismiss this action, without prejudice. Dkt. 53, p.2-3. He objects, arguing if the Court dismisses his Amended Complaint and terminates this case, the dismissal will be a *de facto* dismissal with prejudice because the statute of limitations would have run to prevent refiling his case. *Id.* On *de novo* review, the Court finds his argument persuasive although the magistrate judge committed no error.

Thus, the Court MODIFIES and ADOPTS the Recommendation and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. 36) is GRANTED insofar as the claims asserted in the Amended Complaint are dismissed without prejudice, but it is DENIED insofar as it sought dismissal of this action;

2. Plaintiff may file a third amended complaint that complies with D.C.COLO.LCivR 15.1 on or before October 25, 2025; and

3. If Plaintiff fails to file an amended complaint on or before October, 25, 2025, this matter shall be terminated without further notice.

DATED: September 24, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge

4